JiSEXTON, Judge.
This is an appeal from a ruling of the trial court granting plaintiffs’ motion for certification of the instant case as a class action pursuant to LSA-C.C.P.Arts. 591, et seq. We reverse and set aside the order of the district court.
On April 23, 1992, plaintiffs filed a petition styled as a Class Action Petition For Damages. The petition alleges that the 88 petitioners, of which 80 are apparently husband and wife, represent that class of persons consisting of all persons residing, owning, or possessing movable and immovable property on and around Bayou D’Arbonne Lake, who suffered property damage and/or personal injury as a result of flooding which occurred at the lake from April 26, 1991, until May 5, 1991. Named as defendants were the Bayou D’Arbonne Lake Watershed District, the Board of Commissioners of the Bayou D’Ar-bonne Lake Watershed District, Claiborne Parish Watershed District, the Board of Commissioners of the Claiborne Parish Watershed District, and the State of Louisiana through the Department of Transportation and Development (“DOTD”). The owners of four of the forty-eight tracts involved later voluntarily dismissed their suits. Defendants Claiborne Parish Watershed District and the Board of Commissioners of the Claiborne Parish Watershed District were also later dismissed.
In brief oral reasons, the trial court maintained the case as a class action and ordered that the class be represented by the named plaintiffs in this action. The class was certified as “all persons residing, owning, and/or possessing movable and immovable property on and around Bayou D’Arbonne Lake, and who suffered property damage and/or personal injury as a result of the flooding which occurred in the months of April and May of 1991.”
*122 Defendants appeal, alleging that the trial court erred in certifying this action as a class action because the requirements of LSA-C.C.P. Articles 591 and 592 were not met. Those articles provide that parties seeking to bring a class action must show (a) a class so numerous that joinder is impractical; (b) that the named parties are so situated as to provide adequate representation for the absent members of the class; and (c) that a 12Common character exists between the rights of the representatives of the class and its absent members. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984). Appellants contend that the requirements of “numerosity” and “common character of the rights” among the named members and absent members of the class is not present in the instant case. Accordingly, they contend that certification as a class by the trial court was improper.
The Louisiana class action is adapted from Federal Rule of Civil Procedure 28 as originally promulgated in 1937. The hybrid and spurious class actions of the federal rule were deliberately rejected by the Louisiana Legislature. Article 591 authorizes only the true class action. Pillow v. Board of Commissioners for the Fifth Louisiana Levee District, 369 So.2d 1172 (La.App.2d Cir.1979), writ denied, 373 So.2d 525 (La.1979).
In Pillow, supra, this court held that a class action was not allowable where 35 landowners brought suit against the board of commissioners for injunctive relief and a declaratory judgment concerning the alleged appropriation of property adjacent to the Mississippi River. We stated in Pillow that in the Louisiana true class action, the existence of a common question of law or fact does not by. itself justify a class action as involving a common character of the right to be enforced. There must exist a relationship between the claims greater than simply that of sharing a common question of law or fact. Louisiana law requires the questions of law or fact which are common to class members to predominate over any questions which affect only individual members. State ex rel. Guste v. General Motors Corporation, 370 So.2d 477 (La.1979).
We find that the facts in Pillow are substantially similar to the facts in the instant case, except for the additional element of damages present in this case. Both eases allegedly involve damages caused to private property by the expansion of a body of water. The distinction without a difference for our purposes is that in Pillow the |sdamages were intentional as it was an expropriation case. The instant case involves asserted negligence.
Among the plaintiffs’ allegations of negligence are that the defendants failed to adequately control flooding of the lake and failed to warn that flooding conditions could occur. Plaintiffs’ also allege that the defendants are strictly liable for ownership of an immovable which contains a defect in its original construction. Additionally, plaintiffs advance in brief a contention not pled concerning the servitude elevation purchased by the state when the lake was created. Plaintiffs contend that the state only purchased a servitude elevation to 80 feet mean sea level (“MSL”) which is the normal pool stage of the lake. They assert that the state knew or should have known that flooding some 10 feet above the normal pool stage would occur from time to time and therefore was negligent in failing to expropriate to the higher level.
Accordingly, for each class member, a factual determination must be made as to the elevation of each particular lot and the location on that lot of the improvements suffering damage. It must also be determined whether the alleged property damage resulted from flooding of areas within the expropriated level and the extent of each class member’s knowledge or reliance on third parties in the placement of the improvements alleged to have been damaged by the flooding, as well as any other factual issues relating to the damages which are specific to each plaintiff.
Obviously, there are certain common issues involved, such as whether the defendants had a duty to expropriate a larger servitude, whether the defendants were negligent in flood control operations, and whether the defendants were negligent in failing to properly warn of the lake’s flood potential.
*123 However, the individual questions appear to be far more numerous. As in Pillow, the instant landowners have properties that were differently situated and thus differently affected by the rising waters. Therefore, the interests of the individual members of the class in controlling the prosecution of separate actions is substantial. Pillow, supra at 1179. We also believe class certification would be fundamentally 14unfair to the defendants considering the possible defenses applicable to each specific ease.
Therefore, we find that the questions of law and fact which are common to the class do not predominate over the questions of law and fact affecting individual members. Because we find that the commonality requirement was not met in this case, we pretermit any discussion of the other requirements necessary to certify a class action.
For these reasons, we reverse and set aside the order of the trial court certifying this case as a class action. The case is remanded to the district court for further proceedings in accordance with the view expressed in this opinion and in accordance with law. Assessment of costs shall await final determination of the action.
REVERSED.